**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Trent DAVIS, Defendant—Appellant.**

No. 03–10659.

D.C. No. CR–03–05054–REC.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Dawrence W. Rice, Jr., USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Robert W. Rainwater, AFPD, FPDCA—Federal Public Defender's Office, Fresno, CA, for Defendant–Appellant.

Before GOODWIN, W. FLETCHER and FISHER, Circuit Judges.

### MEMORANDUM **

Trent Davis appeals the 235–month sentence imposed following his guilty plea conviction for conspiracy to distribute cocaine base and possession with intent to

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

distribute phencyclidine, all in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We reject Davis' contention that the district court erred under Federal Rule of Criminal Procedure 32 by failing to resolve a disputed drug amount, because the district court stated that the base offense level it applied was supported by the drug amount stipulated in the plea agreement. *See* Fed.R.Crim.P. 32(i)(3)(B) (requiring a district court to address disputed portions of the presentence report at sentencing).

We also conclude that the government did not breach the plea agreement, because the government did not recommend a leadership enhancement and did not argue for the use of a drug amount larger than that stipulated to by the parties. *See United States v. Caperell,* 938 F.2d 975, 979–80 (9th Cir.1991).

Because appellant was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to proceed pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez,* 419 F.3d 906, 915–16 (9th Cir.2005).

REMANDED.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

